IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**MICHAEL D. KELLEY**

      Plaintiff,

  v.

**COLETT S. PETERS,** being sued in her individual capacity; **MICHAEL F. GOWER,** being sued in his individual capacity; **CRAIG PRINS,** being sued in his individual capacity; **D. YANCY,** being sued in his individual capacity; and **J. NOIZIGER,** being sued in his individual capacity**,**

      Defendants.

No. 6:16-cv-2400-AC

OPINION AND ORDER

**MOSMAN, J.**,

On December 15, 2017, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F&R) [55], recommending that Plaintiff Michael D. Kelley's Motion for Summary Judgment [14] should be DENIED, Defendants' Motion for Summary Judgment [34] should be GRANTED, and this action should be dismissed with prejudice. Mr. Kelley objected [58], Defendants responded [60], and Mr. Kelley replied [61].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Acosta's recommendation and I ADOPT the F&R [55] as my own opinion. Mr. Kelley's Motion for Summary Judgment [14] is DENIED, Defendants' motion for summary judgment [34] is GRANTED, and this action is dismissed with prejudice.

I write separately to clarify that the fact that Mr. Kelley was under investigation is not, on its own, sufficient to satisfy the "some evidence" standard. One might come under investigation for any reason or no reason at all, so that fact by itself cannot satisfy the requirement that decisions by prison officials have "some basis in fact." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

Nevertheless, the records show that here there was some basis in fact: investigators had received information from a source that Mr. Kelley sold the spice. Kelley Decl. [18] at 2. Defendant Yancey told Mr. Kelley as much, and Mr. Kelley introduced this fact on the record at his administrative hearing. Nofziger Decl. [36] Ex. 2. Case law does not require that hearing

2 – OPINION AND ORDER

findings specify the evidence they rely on; instead, the Supreme Court has suggested that the findings need only be "supported by some evidence in the record." *Hill*, 472 U.S. at 454. Because a factual basis for the investigation was in the record, the "some evidence" requirement was satisfied in this case.

IT IS SO ORDERED.

DATED this 30th day of March, 2018.

/s/ Michael W. Mosman
_____
MICHAEL W. MOSMAN
Chief United States District Judge